Daniel G. CONLEY, Appellant,

v.

COMMERCE BANK OF ST. CHARLES, Respondent.

No. 41571.

Missouri Court of Appeals, Eastern District, Division Three.

April 29, 1980.

Hannegan, Knight, Kennedy, Schoeneberg & Weber, Inc., Claude C. Knight, St. Charles, for appellant.

Ronald C. Willenbrock, St. Louis, for respondent.

CRIST, Judge.

False imprisonment action wherein the jury returned a verdict for plaintiff in the amount of $5,000.00. However, the trial court granted defendant's motion for judgment notwithstanding the verdict. Plaintiff has appealed and, we affirm. The fact situation which gave rise to this action is not without its humor, although plaintiff remains, assuredly, unamused.

Plaintiff entered defendant bank at 9:15 A.M. on December 22, 1977, with the intention of making a $50.00 withdrawal from his savings account to cover holiday expenses. Apparently, a prankster had earlier inscribed on the back of a withdrawal slip, "Hello. This is a stick up." and accompanied the inscription with the drawing of a gun. The prankster then placed the withdrawal slip back in the stack of withdrawal slips on the customer counter. Our unfortunate and unsuspecting plaintiff used this particular withdrawal slip, filled out the pertinent information on its front side, handed the form to a teller and requested that she check the balance of his account. Plaintiff never looked at the back of the slip.

The teller left her cage, checked plaintiff's records and determined that plaintiff's savings account reflected a present balance of $4,554.13. It was at this time that the teller first noticed the message on the back of the slip and she immediately remarked to a co-employee, "Do you see what this customer did? Playing a joke?" She decided not to cross-check the signature on the slip against the signature card on file so as to remain out of the customer's view. Instead, she notified the bank's security officer.

The security officer, without stopping to discern the front of the slip, called the St. Charles Police, described the note and asked that they send a patrol car. The security officer then positioned himself in the lobby by the door to await the arrival of the police. All this while, plaintiff dutifully maintained his place in line.

The police car arrived. A uniformed patrolman burst into the bank with his shotgun at port-arms. The security officer pointed at plaintiff exclaiming, "That's the

man." The police officer physically forced plaintiff against the teller's counter, struck him with the shotgun butt and made him "spread eagle." Plaintiff was subsequently handcuffed and taken to the St. Charles Police Station, where he remained approximately two hours before his release. No warrant had ever been issued for plaintiff's arrest.

On appeal, both parties to this action admit that the issue is whether plaintiff produced sufficient evidence to submit to the jury the question of whether defendant's security officer instigated the false arrest of plaintiff by having knowingly provided police with incomplete, inaccurate and misleading information or, acted in such a fashion as to suggest, encourage and countenance plaintiff's false arrest. There is no question but that defendant's security officer was acting within the scope and course of his employment, and both parties agree that someone other than plaintiff wrote the threatening note.

■ Our scope of review necessitates that we view the evidence adduced in a light most favorable to plaintiff, together with all reasonable inferences supportive of his cause of action. *Smith v. Allied Supermarkets, Inc.*, 524 S.W.2d 848, 849 (Mo. banc 1975). However, plaintiff must produce substantial evidence to support his claim. A mere scintilla of evidence is insufficient. *Eyler v. Allison*, 500 S.W.2d 49, 50 (Mo.App. 1973); and, *Bergel v. Kassebaum*, 577 S.W.2d 863, 867 (Mo.App.1978).

■ Generally speaking, one who merely gives police wrong information concerning a criminal offense, even though such misinformation results in an arrest, is not liable in an action for false arrest and imprisonment, "unless he goes beyond such point and instigates the arrest by suggestion and encouragement and countenances it." *Gerald v. Caterers, Inc.*, 382 S.W.2d 740, 744 (Mo.App.1964); *Wehrman v. Liberty Petroleum Company*, 382 S.W.2d 56, 61 (Mo.App. 1964); *Davis v. Weil Clothing Company*, 367 S.W.2d 19, 23 (Mo.App.1963). There is no fixed test to determine that which comprises the instigation of an arrest. *Gerald, supra*, at 852.

Plaintiff submits the record reflects substantial evidence that defendant's security officer instigated plaintiff's false arrest by knowingly providing police with incomplete, inaccurate and misleading information inasmuch as he: (1) failed to look at the front of the withdrawal slip prior to telephoning the police; (2) failed to inform to police dispatcher that his call was a precautionary measure; (3) failed to inform the dispatcher that plaintiff had been waiting for his withdrawal slip long enough to compare signatures; and, (4) failed to inform police that plaintiff had a balance of over $4,500.00 in his savings account. We do not agree.

■ The security officer gave the police dispatcher the appropriate information. The note and drawing on the back of the withdrawal slip put defendant on notice that a potential robbery was in progress and defendant's security officer forwarded this information to the police. Having considered the exigency of the situation and the serious nature of the writing and drawing, we find as a matter of law the security agent did not instigate plaintiff's arrest by his phone call.

■ Plaintiff further contends that, after the police arrived, defendant's security officer suggested, encouraged and countenanced plaintiff's arrest because: (1) He positioned himself near the front entrance and asked plaintiff to step out of the waiting line at the teller's window; (2) he stated to the police officer, "That's the man." and motioned to plaintiff; and, (3) he took no action to prevent the arrest. Again, we must disagree.

■ The security officer did not presume to advise the police officer to arrest plaintiff, rather, the police officer himself determined that the circumstances warranted plaintiff's arrest. Likewise, the police officer, and not defendant's security agent, made the decision to force plaintiff against the teller's counter, strike plaintiff with the shotgun butt, "spread eagle" plaintiff against the counter and, handcuff and

transport him to the police station. A citizen must not be held strictly accountable in disclosing to police that a crime has, or is about to be, perpetrated. *Vimont v. S.S. Kresge Co.*, 291 S.W. 159, 160 (Mo.App. 1927).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.