SNYDER and CRIST, JJ., concur.

**ST. LOUIS FIRE FIGHTERS ASSOCIATION, LOCAL NO. 73, AFL–CIO, etc., et al., Plaintiffs-Appellants,**

v.

**The CITY OF ST. LOUIS, Missouri, Defendant-Respondent.**

Nos. 43079, 43144.

Missouri Court of Appeals, Eastern District, Division One.

May 25, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Judith A. Ronzio, Asst. City Counselor, St. Louis, for plaintiffs-appellants.

John H. Goffstein, Russell A. Willis, III, Clayton, for defendant-respondent.

STEPHAN, Presiding Judge.

Both parties have appealed from a judgment that some items of remuneration received by certain ranks in the Police Department of the City of St. Louis were to be paid to corresponding ranks in the Fire Department while others were not. We affirm.

The St. Louis Fire Fighters Association, an unincorporated association of employees of the Fire Department of the City of St. Louis, through certain individual members as a class constituting such employees, brought a declaratory judgment action against the defendant City of St. Louis requesting a ruling with respect to ten alleged violations of Article XVIII, Section 31 of the Charter of the City of St. Louis and further requesting a "cease and desist" order. The defendant answered. The parties submitted a joint motion for partial summary judgment. After accepting briefs and hearing oral argument, the trial court entered its order and judgment, designating the judgments therein final judgments pursuant to Rule 81.06. The defendant (hereinafter the City) appealed from certain portions of the judgment and the plaintiff (hereinafter the Union) appealed from others.

Our review is limited to those rulings of the court which are challenged by the parties on appeal. *Smith v. Welch*, 611 S.W.2d 398, 399 (Mo.App.1981). In their joint mo-

tion for summary judgment, the parties prayed for judgment "solely as to [the] issue of whether or not those areas enumerated and set forth in the various counts of Plaintiff's complaint" are violations of Article XVIII, Section 31 of the Charter of the City of St. Louis. The parties stipulated there are no material facts in dispute. Therefore, the only question before us is whether the trial court drew the proper legal conclusions. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979).

On September 15, 1970 the voters of the City of St. Louis amended the City's charter by adopting a proposition presented by an ordinance, which added a new section, Section 31, to Article XVIII. That new section generally provided that salaries of certain members and employees of the fire department shall "not be less than" salaries for corresponding ranks of the police force, and then set out which ranks and positions in the fire department were equivalent to which ranks and positions in the police force. Section 31(a) reads:

"Notwithstanding any other provisions of this Charter or ordinances of the City of St. Louis to the contrary or in conflict herewith, the following designated ranks and positions of members and employees of the Fire Department of the City of St. Louis shall for the purposes of compensating said members and employees of said Fire Department by salaries for their duties be equivalent to and correspond with the ranks and positions of officers of the police force of the City of St. Louis hereinafter set forth beside each respectively, and the salaries of said designated ranks and positions of members of the Fire Department of the City of St. Louis shall from and after the effective date of this section and thereafter not be less than the salaries provided by law for the

said equivalent and corresponding ranks and positions of officers of the police force of the City of St. Louis, set forth beside each respectively:"

■  "Compensation" is defined as the remuneration or wages given to an employee: salary, pay or emolument. The ordinary meaning of the term "compensation" as applied to officers is remuneration in whatever form it may be given, whether it be salaries, fees or both combined. It is broad enough to include other remuneration for official services such as mileage or traveling expenses and the repayment of amounts expended. The term is not necessarily synonymous with "salary." Black's Law Dictionary, 354 (4th ed. 1968). "Compensation" is the generic term and includes salary, fees, pay, remuneration for official services performed in whatever form or manner or at whatsoever periods the same may be paid. *State ex rel. Emmons v. Farmer*, 271 Mo. 306, 196 S.W. 1106, 1108 (banc 1917). Section 1(e) of Article XVIII of the City Charter defines compensation as the salary, wages, fees, allowances and all other valuable consideration, earned by or paid to any employee by reason of service performed, *excluding* any allowance for expenses authorized and incurred as incidents to employment.

"Salary" is a specific form of compensation. *State ex rel. Buchanan County v. Imel*, 242 Mo. 293, 146 S.W. 783, 785 (1912). Salary is a periodic allowance made as compensation to a person for his official or professional services or his regular work. *Henderson v. Koenig*, 168 Mo. 356, 68 S.W. 72, 75 (banc 1902).[1]

It is clear then that compensation is the broad, generic term which includes salary as well as other types and forms of remuneration. "Salary" is always compensation [2] but

---

1.  Overruled on other grounds in *State ex rel. Buchanan County v. Imel*, supra.

2.  Therefore, the terms may be used interchangeably in cases where salary only and no other form of compensation is discussed. The Union argues that the terms are, under all circumstances, interchangeable, citing the manner in which they were used in *State ex rel. St.*

*Louis Fire Fighters Association v. Stemmler*, 479 S.W.2d 456 (Mo. banc 1972). We reject the argument. That case indeed considered the constitutionality and the effect of the charter amendment involved here, but it was not concerned with ancillary benefits such as shift differentials and civilian clothing allowances. For example, the court summed up the factual situation thusly: "The people of St. Louis voluntar-

"compensation" may be something other than salary. Section 31 establishes the method of compensating certain members of the fire department by making their salaries not less than the *salaries* of the corresponding ranks of the police department. Therefore, only remuneration which is a "salary" is within the ambit of Section 31; other forms of compensation received by members of the police department are not, by virtue of Section 31, automatically owed to corresponding members of the fire department. The use of both words (*compensating . . . by salaries*) in Section 31 is alone sufficient to show one is the generic expression which is limited by the narrower, more specific term it includes.

■ Salaries for the St. Louis police force are set by the General Assembly of the State of Missouri and are found in § 84.160 of the Revised Statutes of Missouri. The 79th General Assembly repealed and reenacted § 84.160 [3] which provides (at subsection 7) that "In lieu of compensatory time off or payments for overtime hours, all commissioned officers of the rank of lieutenant and above shall receive an additional eight percent of the compensation established in subsection 1, with the exception of the chief of police." Subsection 1 set out the per annum pay for police officers according to rank. Under the terms of an emergency clause, that form of § 84.160 was effective May 1, 1977. In 1978, the Second Regular Session of the 79th General Assembly enacted a new § 84.160 in which form the eight percent additional compensation was granted to commissioned officers of the rank of *sergeant* and above, including the chief of police. This new act also had an emergency clause and became effective on May 1, 1978.[4] In its judgment, the trial court ruled that members and employees of the fire department of corresponding rank under Section 31 were entitled to these eight percent raises from and after the respective effective dates. The City appealed. We affirm.

The eight percent raise in pay *in lieu* of compensatory time off or payments for overtime hours granted by § 84.160 is in addition to the "compensation established in subsection 1." That the compensation in subsection 1 is "salary" is demonstrated by the fact that subsection 1 sets out rates of pay *per annum* for various ranks of police officers. *State ex rel. Attorney General v. Speed,* 183 Mo. 186, 81 S.W. 1260, 1263 (banc 1904). The eight percent increase in pay given to certain ranks of police officers was thus a raise in salary which, by virtue of Section 31, effected an eight percent raise in salary for the corresponding ranks in the fire department. *State ex rel. St. Louis Fire Fighters Association v. Stemmler,* 479 S.W.2d 456, 464 (Mo. banc 1972).

Section 84.160 authorizes other payments to certain members of the police force in specific circumstances: an allowance for those who work in nonuniform clothes; a "shift differential" for those who work evenings and nights; and additional compensation for those who completed accredited college work. The trial court ruled that members and employees of the fire department were not entitled to equivalent payments and the union appealed.

The clothing allowance cannot be considered "salary." We note that the sentence authorizing such payments states "Each officer of police, corporal, and patrolman whose regular assignment requires nonuniformed attire may receive, in addition to his salary, an allowance. . . ." It does not appear on the record before us that payments designated allowances for nonuniformed attire are in fact paid in

---

ily have amended their charter and established this standard, and it is the determination by the people of St. Louis, not the general assembly, that results in firemen being paid not less than the salaries for policemen." *Id.,* 461.

**3.** S.B. 255. Laws of Missouri, 1977, pp. 186–189, approved April 28, 1977.

**4.** H.C.S.S.C.S. S.B. 508, Laws Missouri 1978, pp. 227–233. The statute was again repealed and reenacted in 1979 with no change to subsection 7 except that it was renumbered 6. For the sake of convenience, further reference to the statute will be to § 84.160, RSMo Cum. Supp.1981.

fixed amounts, periodically, to members of the police force regardless of their required costume and only because they serve as police officers. In its petition the Union alleges the clothing allowance is paid to those "who do not work in uniform at all times," and the City in its answer only "admits that certain members of the Police Department of the City of St. Louis may receive a discretionary clothing allowance as provided by law." There is no reason to conclude the allowance is anything other than what it purports to be: a payment to defray to some degree an employee's expenses incurred as a result of wearing "civilian" clothes, rather than a uniform, while on duty. Such an allowance is not salary. See *Hilligoss v. LaDow*, 368 N.E.2d 1365, 1371 (Ind.App.1977) *appeal dismissed* 436 U.S. 942, 98 S.Ct. 2840, 56 L.Ed.2d 783 (1978).[5] The trial court arrived at the proper legal conclusion and its judgment is affirmed.

A similar analysis convinces us that the trial court's rulings with respect to compensation for college credit and shift differential were correct and so are also affirmed. Again, we recall that "salary" is a fixed amount, paid periodically, to an employee as compensation for official or professional services, or his regular work. *Henderson v. Koenig*, 168 Mo. 356, 68 S.W. 72, 75 (banc 1902). An award or bonus for taking college classes does not fit within this definition. Although successful completion of college courses certainly requires the expenditure of efforts on the part of a student and may ultimately redound to the benefit of his employer, nothing in the record suggests that such studies are the regular work of the police or fire department. Participation in the program is optional on the part of the officer. As far as we can determine from the record, the payments for academic work lack uniformity of

amount, regularity of recurrence and direct relation to the duties of a police officer. They cannot be regarded as "salary."

Certain members of the police department are paid a premium for working the shifts from 3:00 p. m. to 11:00 p. m. and from 11:00 p. m. to 7:00 a. m. Such a shift differential is authorized by § 84.160.8(4) Cum.Supp.1981 and is therein denominated "additional ... compensation." The amount of such a shift differential would vary from time to time and among employees depending on who was assigned to which shift and how often. There is nothing in the record to suggest that every police officer works the same number of day, evening and night shifts, so that the shift differential is in every instance the same for each rank. Shift differential is not salary. See *Hunter v. City of New York*, 88 Misc.2d 562, 391 N.Y.S.2d 289, 293 (Sup.Ct.1976).[6]

In the trial briefs and when the joint motion for summary judgment was argued, it was stated that fire department employees work a twenty-four hour tour of duty, and that they are typically on duty twenty-four hours, off duty twenty-four hours, on twenty-four hours, off several days, and so on. Assuming this is so, they work from 3:00 p. m. to 11:00 p. m. and then to 7:00 a. m. every shift. The concept of a shift *differential* simply does not apply to such a schedule.

Finally, under the terms of § 84.160, the payment of an allowance for nonuniform clothing, "additional compensation for successful completion of academic work" at college level, and "shift differential compensation" is totally discretionary with the St. Louis Board of Police Commissioners. The statute merely provides limits which may not be exceeded by the Board. Adopting the Union's view of the entitlement of

---

**5.** The clothing allowance may not be "compensation" of any sort under Article XVIII of the Charter of the City of St. Louis, since § 1(e) of that article provides that compensation "does not include any allowance for expenses authorized and incurred as incidents to employment." The record is not sufficiently detailed

to decide this question, but no decision is necessary since we hold the clothing allowance is not salary.

**6.** Modified on other grounds, 58 App.Div.2d 136, 396 N.Y.S.2d 186 (1977); aff'd., 44 N.Y.2d 708, 405 N.Y.S.2d 455, 376 N.E.2d 928 (1978).

fire fighters to the same benefits would be an inappropriate extension of the holding in *State ex rel. St. Louis Fire Fighters Association v. Stemmler*, supra. As indicated above, that case holds that by amendment of the City Charter, the people of St. Louis could delegate to the General Assembly the task of setting the salaries of fire fighters by pegging such salaries to those of the police. It does not hold that where the General Assembly allows the Board of Police Commissioners to bestow discretionary benefits other than salaries on police officers, in amounts to be set by the Board, that the City must do the same for fire fighters.

Affirmed.

STEWART and CRIST, JJ., concur.