Kenneth W. SMITH, Trustee for 2543
North Grand Corporation,
Plaintiff-Appellant,

v.

R.B. JONES OF ST. LOUIS, INC.,
Defendant-Respondent.

No. 46027.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 5, 1984.

Padberg, McSweeney, Slater & Merz, and Richard S. McConnell, Jr., St. Louis, for plaintiff-appellant.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for defendant-respondent.

SIMON, Judge.

Plaintiff, Kenneth W. Smith, trustee for 2543 North Grand Corporation (Smith), appeals from the granting of defendant's, R.B. Jones of St. Louis, Inc. (R.B. Jones), motion for judgment in accordance with its motion for directed verdict. The motion was granted following a jury verdict in Smith's favor in the Circuit Court of the City of St. Louis.

On appeal, Smith contends that the trial court erred in granting R.B. Jones' motion upon the ground that Smith failed to make a submissible case, because Smith established by substantial evidence that: (1) he was justified in relying on the information supplied by R.B. Jones' employee; and, (2) R.B. Jones' employee was acting within the scope of her employment in supplying information regarding the assignment of the insurance policy. We affirm.

On July 25, 1975, Kenneth W. Smith purchased a building in the name of 2543 North Grand Corporation, which corporation was formed for the purpose of owning the building. Smith was president and sole stockholder of the corporation. During the process of closing, the topic of insurance arose. Smith, who is licensed by the State of Missouri as an insurance agent and a real estate agent, had not arranged for insurance on the building. The sellers of the building provided Smith with the name of their insurance agent, Robert Shifrin, vice-president of R.B. Jones. The sellers suggested to Smith that he should inquire as to the assignability of the current insurance coverage from the Missouri Property Insurance Placement Facility, hereinafter referred to as FAIR Plan. Smith called Shifrin at R.B. Jones but he was out of town. He spoke to Mr. Shifrin's secretary, Ms. Riki Buckner, and asked her if the insurance coverage on the premises could be assigned, and if so, what the correct procedure would be to effectuate the insurance coverage. After consulting an underwriter in the office, Ms. Buckner told Smith that if he would send in a standard assignment form, R.B. Jones would "take care of the rest."

Subsequently, on July 25, 1975, Smith received a copy of the FAIR Plan policy from the seller. The policy conspicuously stated on the front page the following: "Assignment of this policy shall not be valid except with the written consent of [the FAIR Plan]." Nevertheless, Smith and the sellers of the property completed a standard assignment form and Smith sent it to R.B. Jones.

Ms. Buckner received the assignment form on July 28, 1975. Nothing else was done to effectuate the coverage until August 7, 1975. On that day fire partially destroyed the building. The loss was reported to Ms. Buckner. After the claim was filed, R.B. Jones sought to obtain coverage for Smith, but was unable to do so. The efforts utilized by Ms. Buckner included filling out an application for insurance and back-dating that application to July 25, 1975. Completing an application for insurance was the usual means for obtaining coverage through the FAIR Plan.

No money was ever paid to the 2543 North Grand Corporation. Mr. Smith, acting as trustee for the corporation, brought this action for damages based upon the negligent representation as to the assignment of the insurance policy. The jury found for Smith, but the trial judge entered a judgment for R.B. Jones in accordance with its motion for directed verdict.

We review the granting of a motion for judgment notwithstanding the verdict by considering only the evidence supporting the verdict and its reasonable inferences. *Goodenough v. Deaconess Hospital*, 637 S.W.2d 123[1] (Mo.App.1982). Naturally, the evidence supporting the verdict must be substantial. *Conley v. Commerce Bank of St. Charles*, 599 S.W.2d 48[1] (Mo. App.1980). If there is no room for reasonable minds to differ on the issues, and the trial court's action is supported by at least one of the grounds raised in the motion, we shall affirm. *Goodenough*, at 125.

Generally, an insurance policy cannot be assigned where an assignment is expressly prohibited by the terms of the policy, unless the insurance company assents to the assignment. *Rendelman v. Levitt*, 24 S.W.2d 211, [1] (Mo.App.1930). In the present case, the insurance policy expressly prohibited an assignment and the record indicates no assent from the FAIR Plan. Therefore, the policy was not in effect at the time of the fire.

Smith, however, contends that he was justified in relying upon the information Ms. Buckner supplied to him over the telephone concerning the assignability of the insurance policy. We find Smith's reliance was unfounded. He had possession of the insurance policy and the opportunity to read it before, during and after completing the standard assignment form and could have easily determined the policy was unassignable merely by reading the first page of the policy. It does not avail Smith to say that he did not read the policy, for one who can read and does not read is foreclos-

ed by his own negligence. *Edmund S. Mills Corporation v. Stinebaker,* 67 S.W.2d 821[1] (Mo.App.1934). Despite testimony of Smith's unfamiliarity with FAIR Plan policies, he is an insurance agent licensed by the State of Missouri. As such, he possesses the ability to comprehend the policy if he had, in fact, read it. The record does not indicate that Smith was in an inferior bargaining position at any point during the transaction. Lastly, there was no claim that the parties stood in any relationship of trust and confidence. See *Dickinson v. Bankers Life & Casualty Company,* 283 S.W.2d 658, [1–8, 9] (Mo.App. 1955). Therefore, we find Smith was not justified in relying on the statements made by Ms. Buckner concerning the assignability of the insurance policy. Our resolution of the first point is dispositive of this appeal.

The judgment of the trial court is affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.