v.

Henry WELLS, et al.,
Defendants-Respondents.

No. WD 36658.

Missouri Court of Appeals,
Western District.

Dec. 3, 1985.

Motion for Rehearing and/or Transfer
to Supreme Court Overruled and
Denied Jan. 28, 1986.

Application to Transfer Denied
March 25, 1986.

Arthur A. Benson, II, Kansas City, for
plaintiff-appellant.

Philip J. Adams, Jr., Kansas City, for defendants-respondents.

Before DIXON, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Plaintiff L___ N. H___ appeals from the judgment in favor of defendants Henry Wells and J.C. Nichols Company entered on a directed verdict and from the judgment in favor of defendants Sam Burroughs and the Country Club Plaza Association entered on the jury's verdict. We affirm in part and reverse in part.

With respect to the directed verdict, plaintiff contends that he presented sufficient evidence to permit reasonable minds to differ as to whether defendant Henry Wells, a security guard, and J.C. Nichols Company, his employer, instigated plaintiff's arrest and that, in any event, defense counsel in his opening statement admitted that defendant Wells assisted in plaintiff's arrest.

Plaintiff also complains of errors during the trial involving the remaining defendants Sam Burroughs, an off-duty police officer, and his employer, the Country Club Plaza Association. He contends that the trial court erred in refusing to allow his counsel to question him about the results of his polygraph examination and in submitting an affirmative defense instruction to the jury that was not supported by the evidence.

The evidence was insufficient to support a finding that defendant Wells instigated plaintiff's arrest and, therefore, we affirm that part of the judgment in favor of Mr. Wells and his employer. On the other hand, the evidence did not support the affirmative defense, and the trial court erred in submitting it to the jury. Accordingly, that part of the judgment in favor of defendant Burroughs and the Country Club Plaza Association must be reversed and the case remanded for a new trial as to those defendants. Since the problem involving the polygraph evidence is not likely to re-

cur upon remand, we need not consider that point of error here.

For purposes of the directed verdict, we must consider the evidence in the light most favorable to the plaintiff, giving him the benefit of all reasonable inferences that may be drawn from it in determining whether he presented substantial evidence to support his claim that defendant Wells instigated his arrest. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 765 (Mo.1984) (en banc); *Conley v. Commerce Bank of St. Charles*, 599 S.W.2d 48, 50 (Mo.App.1980). Viewed in this light, the evidence reveals the following facts.

On July 7, 1979, defendant Henry Wells was employed as a security guard by the J.C. Nichols Company to patrol the parking lots in the Country Club Plaza area of Kansas City. Standing on the third level of a parking garage on Forty-seventh Street at midday, Mr. Wells looked through the windshield of plaintiff's car parked on the street below him and saw plaintiff in what he thought was the act of masturbating. He watched plaintiff in the front seat of his car with his penis in his hand moving his hand in an "up and down" motion and then radioed to the security office dispatcher and requested that an officer be sent to his location. Sam Burroughs, an off-duty Kansas City police officer, who was working part time as a Plaza security guard for the Country Club Plaza Association, arrived a few minutes later and observed the plaintiff's activity for about forty-five seconds. Burroughs then radioed a request for an additional officer.

While Officer Burroughs and Mr. Wells waited, another officer pulled a Jeep up beside plaintiff and told him to get out of the car. Officer Burroughs and Mr. Wells then ran from the parking garage to plaintiff's car, and Officer Burroughs arrested plaintiff. Plaintiff testified that he thought Mr. Wells was on the sidewalk at that time but that Wells never spoke to him.

Plaintiff's explanation of the event was that he had taken his watch to be repaired and while walking back to his car a leather

strap on his artificial leg broke. He held the limb in place until he got in his car. In an effort to mend the break, he unbuckled his belt, unzipped his pants, reached down his pant leg to another leather strap, and then sawed through that strap to use it to replace the broken strap. Just after he had tied the cut strap to the broken strap, Officer Burroughs arrested him.

. Plaintiff said that he told the officer that he was only tying his leg, but that Officer Burroughs repeated that he was under arrest and told him to get out of the car. One of the officers then frisked him and the two officers and Mr. Wells escorted him to the security office. The other officer and Mr. Wells left the plaintiff in the custody of Officer Burroughs who issued plaintiff a summons which was read into evidence as follows:

> On or about July 7, 1979, in Kansas City, Missouri, 411 West 47th Street at about 1330 [plaintiff] ... [d]id unlawfully within the aforesaid city, county, and state commit the following offense: Did appear in public in a lewd and indecent manner by masturbating in public view as he sat in his vehicle on the street ... in violation of the ordinances of Kansas City, Chapter 26, Section 145....

Plaintiff was then transported to the police station where he was fingerprinted, photographed and released after posting a twenty-five dollar bond.

Count I of plaintiff's petition alleges "[t]hat Defendant Sam Burroughs ... maliciously arrested plaintiff and charged him with violation of the ordinances of Kansas City, Missouri, as amended, Chapter 26, Section 145, masturbating in public view." In Count II, plaintiff alleged that defendant Henry Wells instigated his arrest by summoning Officer Burroughs. Defendants' answers assert that Officer Burroughs was justified in arresting plaintiff under § 84.440 [1] because he had probable cause to believe that plaintiff was committing or had committed an offense within his view.

At trial defense counsel Philip Adams began his opening statement by informing the jury that he represented all four defendants. He said that the evidence would be as follows: Plaintiff was sitting in his car on Forty-seventh Street, when Mr. Wells looked down from a parking garage and saw plaintiff masturbating and "that after observing this for a period of time he radioed for an officer to come to the scene." Officer Burroughs arrived and himself observed plaintiff masturbating. He then called for another police officer to assist in plaintiff's arrest. Mr. Adams then said:

> We believe that the evidence will show that the plaintiff was lawfully arrested by Officer Burroughs on what Officer Burroughs observed that morning. We believe the evidence will show that Officer Burroughs had probable cause to make the arrest he made based on his being notified by Mr. Wells of a commission of a crime being committed; that Officer Burroughs arrested the plaintiff based on what he saw. We believe that the evidence will show that the defendants were both justified in making that arrest and that the plaintiff ... was guilty of the acts alleged in the complaint sworn out by Officer Burroughs.

> You, as members of the jury, must decide this case. You are asked to listen to the evidence closely. You must listen to what the plaintiff puts on, and then you must listen to what evidence the defendants put on, and at that point in time, you will have to decide whether or not the plaintiff has met his burden, and if he has, the defendants thereafter show you that they were justified in doing what they did, that the arrest was lawful and that the subsequent prosecution was justified and that the plaintiff was in fact guilty of the acts alleged.

At trial, plaintiff's undisputed testimony was that he was acquitted of the charge in the municipal court. At the close of plaintiff's case defendants Mr. Wells and J.C.

1. Missouri Revised Statutes, 1978.

Nichols Company moved for a directed verdict which was granted by the court.

Defendants admitted that Officer Burroughs arrested plaintiff without a warrant, but they asserted that he was justified in doing so by virtue of § 84.440. That statute was admitted and read into evidence, and provides in part as follows:

In case any police officer shall have reason to believe that any person has committed ... within the city ... any ... violation of law ... or when any person may have committed an offense within view of a member of such police force, said police official may cause such person to be arrested by any member of the police force.

Officer Burroughs testified that he responded to Mr. Wells' call and located him on top of a parking garage. He looked down and saw plaintiff masturbating. He then arrested plaintiff for masturbating on a public street.

At the close of the evidence, the following verdict directing and affirmative defense instructions were submitted to the jury:

Instruction Number 5

Your verdict must be for [plaintiff] and against Sam Burroughs and Country Club Plaza Association if you believe:

Sam Burroughs intentionally restrained [plaintiff] against his will,

Unless you believe [plaintiff] is not entitled to recover by reason of Instruction Number 6.

Instruction Number 6

Your verdict must be for Sam Burroughs and Country Club Plaza Association if you believe:

First, Sam Burroughs was a Kansas City police officer, and

Second, Sam Burroughs had reasonable cause to believe that [plaintiff] had committed a violation of the law by masturbating in public view as he sat in his vehicle on the street within the City of Kansas City, Missouri.

The jury returned a verdict in favor of defendants.

I. *Substantiality of Evidence to Support Claim of Instigation*

(A)

Plaintiff first challenges the trial court's ruling granting defendants Wells and the J.C. Nichols Company a directed verdict. He contends that sufficient evidence was presented to permit reasonable minds to differ over whether Mr. Wells instigated or assisted in plaintiff's arrest.

■ Plaintiff correctly states that defendants Wells and J.C. Nichols Company would be liable for a false arrest made by Officer Burroughs if he can prove that Mr. Wells directed, advised, countenanced, encouraged, or instigated the arrest. He then notes that instigation may be shown by either direct or circumstantial evidence, but he cites no evidence which either directly or circumstantially tends to prove that Mr. Wells instigated his arrest. Our search of the record reveals none.

■ A review of plaintiff's evidence in the light most favorable to him reveals that Mr. Wells' participation in this incident was minimal. At best, the evidence shows that he was a security guard employed to patrol parking lots in the Plaza area. On July 7, 1979, he was standing on the top level of a parking garage and saw plaintiff engaging in what he thought was an act of masturbation. He reported this to the Plaza security office and requested that a police officer be sent. Officer Burroughs found Wells who directed his attention to plaintiff. Burroughs himself observed plaintiff's activity for about forty-five seconds and then requested that another officer be sent to the scene. When the second officer arrived, Officer Burroughs and Mr. Wells ran from the garage to plaintiff's car, and the two police officers arrested plaintiff while Mr. Wells stood back on the sidewalk and watched. The three men then escorted plaintiff to the Plaza security office, and Mr. Wells left plaintiff in the custody of Burroughs.

That evidence does not constitute substantial evidence that Mr. Wells directed, advised, countenanced, encouraged, or instigated plaintiff's arrest. *Conley v. Commerce Bank of St. Charles*, 599 S.W.2d 48, 50 (Mo.App.1980); *Bergel v. Kassebaum*, 577 S.W.2d 863, 867 (Mo.App. 1978); *Parrish v. Herron*, 240 Mo.App. 1156, 225 S.W.2d 391, 399 (1949). If one merely states facts to an officer, leaving it to the officer to act or not as he sees fit, he is not liable for false arrest. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 767 (Mo. 1984) (en banc); *Conley, supra,* at 50. Here, as in *Conley,* Mr. Wells did not presume to advise Officer Burroughs to arrest plaintiff; he only related what he had seen and directed the officer's attention to plaintiff. Then the officer himself observed plaintiff's activity and determined that the circumstances warranted plaintiff's arrest. *Id.* At the time of plaintiff's arrest, Wells was a mere observer. To "countenance" an act means something more than merely to witness it. *Bergel, supra,* at 868.

This case is easily distinguished from *Parrish, supra,* and *Knupp v. Esslinger,* 363 S.W.2d 210 (Mo.App.1962), cases cited by plaintiff. In *Parrish* the deputy sheriff, who was present when a patrolman arrested the plaintiff, was also present when he was being questioned, taken into custody, driven to jail, fingerprinted, and placed in jail. In fact, the plaintiff was in the sheriff's sole custody at one point, and the sheriff actually shoved plaintiff into a jail cell and then shut and locked the door. In contrast, Mr. Wells merely walked beside Officer Burroughs while plaintiff was being escorted less than a block to the Plaza security office. He never spoke to plaintiff and apparently left the security office shortly after their arrival. Unlike the deputy in *Parrish,* he never had sole custody of plaintiff if he can be said to have had custody at all.

In *Knupp,* the plaintiff entered defendant's bar and she summoned the police and erroneously informed them that the plaintiff had written her a bad check. She then instructed the officer to "check that man" after pointing to the plaintiff. The *Knupp* court found that sufficient evidence was presented to support a finding that defendant directed the officers to arrest plaintiff. Here, the only evidence was that Mr. Wells directed the officer's attention to the plaintiff and his car. In sum, plaintiff failed to sustain his burden of proof against defendants Wells and the J.C. Nichols Company because he did not produce substantial evidence that Mr. Wells instigated his arrest.

(B)

In the alternative, plaintiff argues that defense counsel admitted that defendant Wells instigated, participated in and aided plaintiff's arrest, and, therefore, the trial court erred in directing a verdict in favor of Mr. Wells and the J.C. Nichols Company.

To make his point, plaintiff's brief quotes four excerpts from defense counsel's opening statements as follows:

1) ... that after observing this for a period of time he [Henry Wells] radioed for an officer to come to the scene.

2) We believe the evidence will show that Officer Burroughs had probable cause to make the arrest he made based on his being notified by Mr. Wells of a commission of a crime being committed....

3) We believe that the evidence will show that the defendants were both justified in making that arrest....

4) ... and at that point in time you will have to decide whether or not the plaintiff has met his burden, and if he has, the defendants thereafter show you that they were justified in doing what they did....

Plaintiff then asserts that those statements "constitute clear, unequivocal admissions of fact, at the very least indicating Henry Wells' assistance in appellant's arrest...."

The first statement, however, merely indicates that Mr. Wells radioed for an officer, and, as noted earlier, merely summoning and stating facts to an officer, without

more, does not constitute instigation of or assistance in an arrest.

The context in which defense counsel made the second statement was in his making the point that, although Officer Burroughs had been notified by Wells of plaintiff's location, he arrested plaintiff upon the basis of his own observation. In any event, one does not participate in a false arrest so as to become liable for it where he does nothing to effect the arrest except to identify to an officer a person suspected of committing an offense, even if the identification was the principal cause of the wrongful arrest. *Bergel*, 577 S.W.2d at 868.

The context in which the third and fourth quotations are found likewise shows that defense counsel had already stressed several times that Officer Burroughs arrested plaintiff based upon his own observations. Nevertheless, plaintiff urges that the words "defendants" and "both" are referring to Officer Burroughs and Mr. Wells and that, therefore, they constitute defendants' admissions that Mr. Wells instigated or assisted in plaintiff's arrest. Defendants argue that those words were referring to Officer Burroughs and his employer, the Country Club Plaza Association. In light of the fact that defense counsel represented all four defendants at trial, those remarks were at best ambiguous. They certainly could not be characterized as "clear, unequivocal admissions as to a fact" such as the courts require before they will declare that an opening remark constitutes an admission. *McCarthy v. Wulff*, 452 S.W.2d 164, 167 (Mo.1970); *Bayer v. American Mutual Casualty Co.*, 359 S.W.2d 748, 753 (Mo.1962); *Rawlings v. Young*, 591 S.W.2d 34, 37 (Mo.App.1979). Accordingly, we affirm that part of the judgment in favor of defendants Wells and the J.C. Nichols Company.

## II. *Whether the Evidence Supported the Affirmative Defense Instruction*

■ Plaintiff also claims that the trial court erred by submitting the affirmative defense instruction because no evidence was presented from which the jury could find that plaintiff's alleged conduct was prohibited by law.

The wrong of false arrest or false imprisonment requires the confinement of a person without legal justification; that is, an unlawful restraint against plaintiff's will. *Rustici*, 673 S.W.2d at 767; *Parrot v. Reis*, 441 S.W.2d 390, 392 (Mo.App.1969). Where, as here, the arrest is made without a warrant, the defendant has the burden of pleading and proving any justification for the arrest. *Parrot, supra*, at 392; *Nelson v. R.H. Macy & Co.*, 434 S.W.2d 767, 773 (Mo.App.1968).

■ At trial, the defendants asserted that Officer Burroughs was justified in arresting plaintiff under § 84.440 because he had reasonable grounds to believe that plaintiff had committed an offense within his view. Specifically, defendant Burroughs testified that he arrested plaintiff after observing him masturbate in public view. However, defendants did not place in evidence the city ordinance that plaintiff was accused of violating. For all the record shows, on the day of plaintiff's arrest Chapter 26, Section 145, of the revised ordinances of Kansas City was nonexistent or pertained to another subject. A court may not take judicial notice of the existence or contents of city ordinances. *Consumer Contact Co. v. State Department of Revenue*, 592 S.W.2d 782, 785 (Mo.1980) (en banc); *General Motors Corp. v. Fair Employment Practices Division of the Council on Human Relations of St. Louis*, 574 S.W.2d 394, 400 (Mo.1978) (en banc). Thus, the affirmative defense instruction was not supported by the evidence because no evidence was adduced to prove that masturbating in public view was a violation of the law on July 7, 1979, as charged.

■ The defendants answer their failure of proof by stating that plaintiff alleged in his petition that Officer Burroughs arrested him for violating § 26.145 of the ordinances of Kansas City, Missouri. They argue that no further proof was necessary

regarding the ordinance because plaintiff's pleading "constituted an admission which, rendered this fact indisputible."

Reexamination of the petition reveals, however, that at most, plaintiff may have admitted that Officer Burroughs believed that such an ordinance existed and believed that plaintiff's alleged conduct constituted a violation of it. The court in *General Motors Corp., supra,* at 400, held that mere recitation of an ordinance by number in a petition or complaint does not prove the ordinance's terms or bring it into the court's record. Thus, nothing in the petition can be read as an admission by plaintiff of the text or terms of the ordinance or even that it did, in fact, exist. *General Motors Corporation, supra,* at 400.

Our own search of Missouri Revised Statutes has disclosed no statute that would encompass the language of the affirmative defense instruction given here. Nor has our search of the record uncovered any evidence proving the contents of the ordinance. Admission of the ordinance into evidence or a stipulation by the parties of its contents was a prerequisite to the submission of Instruction Number Six. *Id.* Accordingly, we must reverse that part of the judgment in favor of defendants Sam Burroughs and the Country Club Plaza Association and remand the case for new trial.

For the foregoing reasons, we affirm in part and reverse in part.

All concur.