**Sandra Jean DORRIS,**
**Plaintiff-Respondent,**

v.

**ZAYRE CORPORATION,**
**Defendant-Appellant.**

**No. 42479.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 26, 1981.

Rehearing Denied July 10, 1981.

James J. Amelung, St. Louis, for defendant-appellant.

Raymond Howard, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Appeal from a judgment of false imprisonment and award of $10,500 actual damages and $20,000 punitive damages. Defendant appeals. We reverse.

The evidence shows that at the time of the alleged false imprisonment plaintiff was eighteen years old and pregnant. Plaintiff was sent to the Zayre store by her mother. Plaintiff had been instructed to complete the purchase of items which her mother had placed in the store's lay-away department. Plaintiff was driven to the store by a neighbor, Mr. Taylor, and was accompanied by her two sons, ages 1 and 3 years, and by her 14 year old brother. Upon entering the store plaintiff proceeded to the lay-away department. When it was plaintiff's turn she handed the clerk the lay-away receipt which her mother had given her. Plaintiff claimed that in addition to the items listed on the lay-away receipt, the clerk handed her a box containing a Caleco hockey set. This item, as boxed, was approximately as large as the counsel's table in the trial court. Plaintiff accepted this item, she argued, because she did not know exactly what was to be picked up

from the store. Plaintiff paid the balance due on the items listed on the lay-away receipt. She then put all the items received, except the hockey set, in one shopping cart. Plaintiff's two children were also placed in this cart. At plaintiff's direction the hockey set was positioned in another cart. Plaintiff's brother pushed the cart containing the hockey set toward the store's exit. Plaintiff propelled the cart containing her children and the balance of the items. As they neared the door plaintiff found a "paid sticker" on the floor and placed it on the box containing the hockey set. Plaintiff claimed her brother told her that the sticker had fallen off one of the items she had purchased. A guard at the store's exit checked each item for a paid sticker and allowed plaintiff to pass. However, once outside the door plaintiff was stopped by a security guard. The guard identified himself and asked plaintiff whether she had paid for the hockey set. Plaintiff claimed she had paid for the item. The security guard's suspicion was aroused because he had observed plaintiff place the paid sticker on the hockey set's box. The guard then asked plaintiff and her brother to follow him to a room in the back of the store used by the security staff. Once in this room plaintiff was questioned, at various times, by three security officers. Initially, plaintiff maintained she had purchased the hockey set. However, when plaintiff was shown the lay-away receipt, which did not list the hockey set, she admitted that the hockey set was not one of the items which her mother had previously placed in the store's lay-away department. Plaintiff was then handed a form document containing four provisions: the *Miranda* warnings; a clause providing that any information divulged was voluntarily given; a provision describing the hockey set; and a clause releasing defendant "from all actions, claims or demands of any character or in any court concerning this incident . . . ." Plaintiff signed this document and was permitted to leave the store with the items she had properly obtained from the lay-away department.

At trial the court submitted plaintiff's punitive damages instruction.[1] This instruction was based on MAI 10.01 and informed the jury that:

> If you find the issues in favor of plaintiff, and you believe the conduct of defendant as submitted in Instruction No. 3 (plaintiff's verdict directing instruction) was wilful, wanton, or malicious, then in addition to any damages to which you find plaintiff entitled under instruction No. 5 (plaintiff's actual damage instruction), you may award plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and deter him and others from like conduct.

It is undisputed that plaintiff failed to submit the instruction which defines "malicious," MAI 16.01. Defendant alleges that the failure to submit MAI 16.01 constitutes prejudicial error.

It is well settled in this jurisdiction that punitive damages may be recovered in cases of false imprisonment where the captor acts maliciously. *Newport v. Montgomery Ward & Co.*, 344 Mo. 646, 127 S.W.2d 687, 689–690 (1939). It is equally well entrenched that when punitive damages are sought pursuant to MAI 10.01, "malicious" must be defined in its legal sense. MAI 10.01, Notes on Use (1977 Revision). Thus, the failure to submit the instruction which defines "malicious," MAI 16.01, was error.

Plaintiff contends the judgment should stand because the error of failing to define malicious was not prejudicial. "In determining the prejudicial effect of the omission, we can and should consider the totality of the circumstances including the nature of the evidence and the arguments of counsel." *Floyd v. Brenner*, 542 S.W.2d 325, 328 (Mo.App.1976). An extremely important circumstance in this case is that MAI 16.01 sets forth in clear and explicit language that "[t]he term . . . 'malicious' . . . as used in . . . these instructions does not mean hatred, spite or ill will, as commonly under-

---

1. Defendant has not raised nor do we address the issue of whether the facts warranted submission of an instruction requesting punitive damages.

stood, but means the doing of a wrongful act intentionally without just cause or excuse." This instruction required a finding that defendant not only intended to do the act which is ascertained to be wrongful but also that he knew it was wrongful when he did it. *Pollock v. Brown*, 569 S.W.2d 724, 733[9–10] (Mo.banc 1978); *Beggs v. Universal C.I.T. Credit Corp.*, 409 S.W.2d 719, 722–723[2–4] (Mo.1966). By omitting MAI 16.01 the jury was not informed that defendant's employees had to know that the detention was wrongful at the time plaintiff was detained. Thus, the omission of the definition set the stage for the exercise of a roving commission by the jury in an attempt to define the term "malicious." The record shows that plaintiff's counsel's closing argument compounded the error by encouraging the jury to make the defendant "pay" for this "very, very malicious act on the part of the guard ..." because defendant's employees failed "to have compassion for a mother with her children ..." but rather "wanted to make fun and poke fun and talk about her character because she had two kids and was already pregnant." This argument tended to give the impression that a definition different than that contained in MAI 16.01 should be employed in determining whether defendant acted maliciously. Having considered the totality of circumstances, including the above, we hold that the omission of MAI 16.01 was prejudicial. Therefore, the case is reversed and remanded for a new trial.

■ Defendant also argues the trial court erred in overruling its motion for directed verdict and after trial motion to enter judgment in accordance with the motion for directed verdict because plaintiff's pleadings and evidence established that plaintiff had released defendant from any liability arising out of plaintiff's detention. Plaintiff claims the release was obtained by duress and it's therefore voidable. Under the circumstances presented defendant's

contention is without merit. However, upon retrial, if plaintiff intends to rely upon this theory, duress should be pleaded. Rule 55.08. Further, the question whether the release was in fact obtained by duress should be submitted to the jury. Because there is no Missouri Approved Jury Instruction directly applicable plaintiff will need to construct an instruction on the issue of whether the release was obtained by the exertion of duress on plaintiff.[2] Of course, this instruction should be simple, brief, impartial, free from argument and otherwise comply with the Rules, Rule 70.02(e).

Defendant's other points on appeal need not be addressed as they are not likely to occur upon retrial.

Reversed and remanded for new trial.

WEIER and GUNN, JJ., concur.

---

2. We direct plaintiff to MAI 32.22 and the Notes on Use thereunder. MAI 32.22 instructs on the issue of whether fraud was employed to obtain a release. Plaintiff may desire to modify this instruction so that it properly sets forth the elements of duress. Further, if upon retrial plaintiff admits she signed the release the instruction on duress should be added to plaintiff's verdict director rather than be separately given. MAI 32.22, Notes on Use (1978 Revision).