Allan **TROUPE**, Plaintiff-Respondent,

v.

**SUPERX DRUGS CORPORATION, d/b/a Gasen Drugs,** Defendant-Appellant.

No. 46192.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 16, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Armstrong, Teasdale, Kramer & Vaughan, John P. Emde, Thomas B. Weaver, St. Louis, for defendant-appellant.

Eugene H. Fahrenkrog, Jr., Leslie D. Edwards, St. Louis, for plaintiff-respondent.

MELVYN W. WIESMAN, Special Judge.

This is a suit by Allan Troupe (hereinafter referred to as plaintiff) against Superx Drugs Corporation d/b/a Gasen Drugs (hereinafter referred to as defendant) for damages allegedly resulting from a false arrest caused by the defendant. Defendant appeals from a judgment entered pursuant

to a jury verdict which awarded plaintiff $1000.00 actual damages and $5000.00 punitive damages for defendant's instigation of plaintiff's false arrest and imprisonment. We affirm in part and reverse in part.

There are two issues presented on appeal. First, defendant contends the trial court erred in failing to sustain its motion for a directed verdict at the close of all of the evidence on the grounds that the evidence was insufficient to submit to the jury the issue of whether defendant instigated plaintiff's arrest. Second, defendant argues the trial court erred in submitting to the jury the issue of punitive damages for the reason that plaintiff failed to present any evidence of defendant's actual or legal malice.

■ Although testimony and other evidence conflicts as to the relevant events surrounding plaintiff's arrest and imprisonment, we view the evidence adduced at trial only in the light most favorable to plaintiff, together with all reasonable inferences to be drawn therefrom. *Smith v. Allied Supermarket, Inc.*, 524 S.W.2d 848, 849 (Mo. banc 1975). Also, although the unlawfulness of the restraint or detention is an element of the tort of false arrest and although the plaintiff presented alibi evidence, the issue of the unlawfulness of the arrest of the plaintiff was not a disputed issue of fact presented to the jury for its consideration, and we do not consider it a disputed issue for purposes of this appeal.

Defendant corporation operates a drug store at 4049 Lindell Boulevard in the City of St. Louis, Missouri. On November 28, 1979, the store's manager observed a man reach over a counter, grab a bottle of vodka and leave the store without paying for it. The manager followed the man from the store and confronted him on the store parking lot, demanding the thief return to the store. The thief produced a large, sharpened screwdriver and threatened the manager, who thereupon withdrew from the confrontation, returned to the store and enlisted the aid of a uniformed store security guard. The two of them drove off in search of the thief. After they drove half a block and made a turn, the manager saw the same man with the vodka bottle still in his hand. The security guard also saw the man with the bottle of vodka and exclaimed to the manager, "There he is," even though he had not seen the theft. The manager stopped the car and the security guard chased the man. The chase ended, however, when the man entered a tavern. After returning to the store, the manager and security guard filed a police report of the incident.

The next day the same security guard was on duty when plaintiff and a companion entered the store. While plaintiff's friend used the telephone, plaintiff browsed in areas of the store. The guard thought he recognized plaintiff as the man he chased the previous day. The guard paged another store employee. Although there is a conflict in the testimony as to whether the person paged was a store manager, there is evidence that the person to whom the security guard talked was not the same store manager who had observed the theft and had been threatened by the thief. The paged employee asked the guard whether he was sure plaintiff was the same person he had chased and the guard responded affirmatively. The guard then called the police, requesting that an officer be dispatched to the store. When the police arrived, the security guard informed them of the events of the previous day and indicated the man he chased was in the store, identifying plaintiff. Throughout this time in the store, none of the defendant's employees approached, touched or restrained plaintiff.

The police then approached plaintiff, warned him against sudden moves and searched him. They told plaintiff "the guy," that is, the security guard, had positively identified him as the person who stole something out of the store the prior day. Although the arresting officer testified that none of the defendant's employees told him to arrest plaintiff or requested plaintiff's arrest or encouraged the police officer to effectuate an arrest other than by giving "just a statement of the prior robbery," there is evidence that the security guard did

more than merely call the police to the store and report the facts to the police. At the time the police first confronted the plaintiff the guard was right behind them, although he did not say anything in plaintiff's presence. He had pointed to the plaintiff as the person he had chased the day before. After the plaintiff had been handcuffed and put into the police vehicle, the police and the security guard said "a few words" to each other. The store manager, in his deposition, summarized a conversation between the security guard and himself as follows: "When we talked about it, he said that the guy had been back in the store and that he had called the police and had him arrested for the incident that happened a day or two before."

■ The evidence presented at trial was sufficient to submit to the jury the issue of whether defendant instigated plaintiff's arrest and sufficient to sustain the jury's verdict awarding plaintiff damages for false arrest and imprisonment. The rule in Missouri is that "if the defendant directs a police officer to take the plaintiff into custody, he is necessarily liable to respond in damages for a resulting false imprisonment; but if, to the contrary, the defendant merely states the facts to the officer, leaving it with him and his superiors to act or not, as they see fit, the defendant is not liable." *Vimont v. S.S. Kresge Co.,* 291 S.W. 159, 160 (Mo.App.1927). It is not necessary that plaintiff prove defendant actually orders or directs the plaintiff's arrest, but he may make his case by showing that defendant "instigates the arrest by suggestion and encouragement and countenances it." *Gerald v. Caterers, Inc.,* 382 S.W.2d 740, 744 (Mo.App.1964), *quoting Richardson v. Empire Trust Co.,* 230 Mo. App. 580, 94 S.W.2d 966, 970 (Mo.App.1936). There have been numerous efforts to define "instigate" and its synonyms. See *Bergel v. Kassebaum,* 577 S.W.2d 863, 867–68 (Mo. App.1978) and cases cited therein. There is no fixed test to measure acts constituting instigation of an arrest. Each case necessarily depends upon its own particular facts and circumstances. *Smith v. Allied Supermarkets, Inc.,* 524 S.W.2d at 852; *Linkogel*

*v. Baker Protective Services, Inc.,* 626 S.W.2d 380, 384 (Mo.App.1981). Further, such facts may be established by either direct or circumstantial evidence. *Smith v. Allied Supermarkets, Inc.,* 524 S.W.2d at 852; *Thompson v. Fehlig Bros. Box & Lumber Co.,* 155 S.W.2d 279, 281 (Mo.App.1941).

The security guard's solicitation of the police to the store, his close proximity to the scene of the arrest, his multiple dialogues with the arresting officers at the scene, and his identification of the plaintiff to the police at the scene as the person he had chased the prior day, combined with the statement of the store manager that the security guard "had him (the plaintiff) arrested," cumulatively constitute evidence from which the jury could find not only that defendant's agents instigated the plaintiff's arrest but further that defendant's agents actually ordered or directed the plaintiff's arrest. See *Thompson v. Fehlig Bros. Box & Lumber Co., supra.* The defendant's claim of error, therefore, is not substantiated by the record.

Defendant next claims the trial court erred in giving a punitive damage instruction for the reason there was no evidence of actual or legal malice on the part of the defendant presented at trial. Instruction 8 was based on MAI 10.01 and 16.01 and informed the jury that:

If you find the issues in favor of plaintiff, and if you believe the conduct of defendant as submitted in Instruction Number 6 was willful, wanton, or malicious, then in addition to any damages to which you find plaintiff entitled under Instruction Number 7, you may award plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter him and others from like conduct.

The term malicious as used in these instructions does not mean hatred, spite or ill will, as commonly understood, but means the doing of a wrongful act intentionally without just cause or excuse.

■■ Punitive damages may be awarded in cases of false arrest where the defend-

ant acts maliciously. *Wehrman v. Liberty Petroleum Co.,* 382 S.W.2d 56 (Mo.App. 1964). Malice, as defined in MAI 16.01 and submitted by the trial court as part of Instruction 8 is "the doing of a wrongful act intentionally without just cause or excuse." See also *Wehrman v. Liberty Petroleum Co.,* 382 S.W.2d at 63–4. "This instruction required a finding that defendant not only intended to do the act which is ascertained to be wrongful but also that he knew it was wrongful when he did it." *Dorris v. Zayre Corp.,* 619 S.W.2d 326, 328 (Mo.App.1981), *citing Pollock v. Brown,* 569 S.W.2d 724, 733 (Mo. banc 1978). See also, *Stark v. American Bakeries Co.,* 647 S.W.2d 119 (Mo. banc 1983).

■ An examination of the record reveals that no agent of the defendant, including the security guard, committed any wrongful act knowing it was wrong at the time he committed it. All the evidence and the reasonable inferences to be drawn therefrom establish, at the most, that the security guard directed the arrest of the plaintiff in the earnest belief that he was the person who committed the theft, threatened the store manager and fled from him the previous day. Without commenting upon whether reckless or negligent reporting of a crime constitutes evidence from which the jury could award punitive damages, we have examined the record and find no evidence from which the plaintiff's allegations of recklessness or negligence on the part of the security guard could be found or inferred.

The trial court therefore erred in giving Instruction 8 and in submitting to the jury the issue of punitive damages. The award of punitive damages is reversed.

Accordingly, we affirm the award to the plaintiff of $1000.00 actual damages and reverse the award of $5000.00 punitive damages.

CRIST, P.J., and WILLIAM E. TURNAGE and DONALD L. MANFORD, Special Judges, concur.