Dennis GARNER and Theresa
Garner, Respondents,

v.

TEXAS DISCOUNT GAS COMPANY, a
corporation, Appellant,

No. 51212.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 25, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 13, 1987.

Application to Transfer Denied
Feb. 17, 1987.

Charles S. Sigoloff, St. Louis, for appellant.

Luke & Cunliff, Mark E. Moreland, Casey & Meyerkord, Stephen F. Meyerkord, St. Louis, for respondents.

CRIST, Judge.

Defendant Texas Discount Gas Company (Texas Discount) appeals from a judgment entered upon a jury verdict for plaintiffs Dennis and Theresa Garner on their claim for false arrest or imprisonment. Each plaintiff received a verdict for $4,000 compensatory damages and $25,000 punitive damages, for a combined total of $58,000. Texas Discount appeals, challenging the submissibility of the case, and whether plaintiffs were bound by the testimony of Arthur Solovic, an employee of Texas Dis-

count called as an adverse witness by plaintiffs. We affirm.

■ To make a submissible case of false arrest, plaintiff must show defendant encouraged, promoted or instigated the arrest. *Day v. Wells Fargo Guard Service Co.*, 711 S.W.2d 503, 505[5] (Mo.banc 1986). A showing by plaintiff that defendant merely gave information to the police is insufficient, *Troupe v. SuperX Drugs Corp.*, 659 S.W.2d 276, 279[3] (Mo.App. 1983), even if that information is wrong. *Conley v. Commerce Bank of St. Charles*, 599 S.W.2d 48, 50[2] (Mo.App.1980). However, if plaintiff shows defendant knowingly provided false, incomplete or misleading information, and an illegal arrest results, then a jury could reasonably infer instigation of the illegal arrest. *Wehrman v. Liberty Petroleum Co.*, 382 S.W.2d 56, 61[6] (Mo.App.1964).

We view the evidence in the light most favorable to the verdict, giving plaintiffs the benefit of all reasonable inferences to be drawn therefrom. *Day*, 711 S.W.2d at 504[1]. On a Saturday afternoon, the Garners drove into one of Texas Discount's self-service gas stations where Solovic was the attendant on duty. Theresa's watch, which was set five to seven minutes fast, showed the time to be about 2 p.m. or maybe five or ten minutes later. Dennis tried to work the pump, but he noticed he had to pay for the gas first. He paid the attendant $10, the pump was activated, and he dispensed that amount of gas into the car. The Garners then departed the gas station.

The police report shows the police were called by Solovic at 2:02 p.m., and a drive-off was reported to have occurred at the station at 2 p.m. The responding officer, who answered at the station shortly after receiving the call, was told by Solovic two people, fitting the general description of the Garners and driving a car registered to Theresa, had driven off without paying for $10 worth of gas.

The following evening, at about 7 p.m., police came to the Garners' home; and in front of their friends and neighbors, arrested the Garners and took them to the police station. They were allowed to drive their own car, sandwiched between two police vehicles. They were detained about two hours that evening, but then were released and told to return the next day. Shortly before they returned the next day, a Texas Discount supervisor was contacted by the police, and the supervisor informed them a mistake had been made and no drive-off had occurred. When the Garners returned to the police station, they were informed a mistake had been made, and allowed to leave without any further action.

The plaintiffs called Arthur Solovic, the attendant at the gas station, to the stand as an adverse witness. He testified at trial he called the police about 11:15 a.m. or 11:45 a.m. However, he was impeached on this point; and it was shown he stated on his earlier deposition, the theft had occurred between 12 p.m. and 1:30 p.m., and he had called the police within ten minutes of the theft's occurrence. He stated he began to close his books, a process which takes about ten to fifteen minutes, at 1:45 p.m., as his shift was to end at 2:00 p.m. that day. Discovering he was about $12 over for the shift, he decided there could not have been a drive-off costing $10. He called the police about five or ten minutes after 2:00 p.m. to cancel his drive-off report. The police report does not show this second call was made. The custodian of records for the police department testified all the records they had concerning this incident had been produced in court. None reflected the second call. Further, Solovic testified he finished closing his books at about 1:55 p.m. The police report indicates the call was not received by the officer until 2:02 p.m.; and the officer testified he did not speak with Mr. Solovic until after that time.

■ The seminal issue for decision in this case is whether plaintiffs were bound by Solovic's testimony he made the second call cancelling the drive-off report. While Texas Discount also claims the Garners failed to make a submissible case of false imprisonment or false arrest because they failed to show Texas Discount instigated

the arrest, we disagree. It is inferable Solovic positively told the police officer the Garners had driven off without paying for their gasoline, either after closing his books and knowing there had been no drive-off, or before he had finished closing his books and while unsure as to whether or not there had been a drive-off. This sufficiently shows instigation of the arrest by defendant by Solovic's provision of either false or at best incomplete information. *Day*, 711 S.W.2d at 506–07; *Wehrman*, 382 S.W.2d at 61–62.

 However, Texas asserts the Garners were bound by the statements Arthur Solovic had called and cancelled the drive-off report; and therefore the police were given full, complete and accurate information concerning the incident. If bound by this testimony, plaintiffs would not have made a submissible case. However, they were not bound by this testimony. A party is only bound by the testimony of the witnesses he calls if that testimony is uncontradicted. If the testimony is contradicted, either by direct evidence or by inference from the other evidence heard, the party is not bound by that testimony. *International Harvester Credit Corp. v. Formento*, 593 S.W.2d 576, 578[2] (Mo.App.1979). Solovic's testimony concerning the second call was amply contradicted.

There is no corroboration of the second call. It was not reflected in the police report. Contrary to Texas Discount's contention, the first call was in fact reflected; the report indicates the police were called by telephone, and Solovic was noted as the reporting party. Also, the very existence of the report corroborates the existence of the first call. Further, Solovic's conduct refutes the existence of the second call. The police officer who made the report apparently spoke with Solovic and was given the details of the drive-off incident shortly after 2 p.m., or at about the same time Solovic claimed to have called and cancelled the drive-off report, and also shortly after Solovic testified he finished closing his books (at about 1:55 p.m.), and when he knew there had not been a drive-off. When speaking to the officer, Solovic did not mention either there had not been a

drive-off or that he had called and cancelled his earlier report; rather he gave the details of the drive-off, including descriptions of the plaintiffs and their license number. For the reason Solovic's testimony about the second call was contradicted, the Garners were not bound by its contents. Plaintiffs made a submissible case by showing instigation of the arrest by Texas Discount.

 Finally, Texas Discount asserts the testimony relied upon by the Garners runs afoul of the physical facts rule, *Roseman v. United Rys. Co.*, 251 S.W. 104, 106 (Mo. App.1923), because their estimated time of arrival at the gas station of a few minutes past 2:00 p.m. occurred after the police were called. The physical facts rule, however, does not apply to such estimates of time, speed or distance. *Vaeth v. Gegg*, 486 S.W.2d 625, 629[5] (Mo.1972). The factual predicate for application of the rule is not present in this record.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.