Michael BRAMON, Kenneth Coolley, individually and as Next Friend for Lance Coolley, Appellants,

v.

U–HAUL, INC. & Jerry Hawkins d/b/a/ The Packaging Store, Respondents.

No. 70916.

Missouri Court of Appeals, Eastern District, Division Four.

May 27, 1997.

Randall A. Bauman, Martin M. Bauman, Bauman & Bauman, St. Louis, for Appellants.

Peter B. Hoffman, Matthew J. Eddy, Kortenhof & Ely, P.C., Calea Stovall–Ried, St. Louis, for Respondents.

SIMON, Judge.

Michael Bramon and Kenneth Coolley, individually and as next friend for Lance Cool-

ley, (plaintiffs) appeal from the judgment of the trial court in favor of U–Haul, Inc. (U–Haul) and Jerry Hawkins d/b/a The Packaging Store (Hawkins) (defendants) granting judgment on the pleadings as to counts I through VI of the amended petition, and dismissing all counts with prejudice for failure to state a claim.

Plaintiffs contend that the trial court erred in: (1) ruling the amended petition was insufficient because the court did not apply the applicable standard for review in that the sufficiency of a petition is to be liberally construed with all facts pleaded taken as true and is to be dismissed only if plaintiffs can prove no facts in support of their claim which would entitle them to relief; (2) granting judgment on the pleadings as to the claim for false imprisonment because the amended petition sufficiently stated a claim for false imprisonment in that all the elements of false imprisonment were stated in the amended petition and all facts pleaded are to be taken as true; (3) dismissing the claim for negligence because the petition sufficiently stated a cause of action for negligence in that all the elements of negligence were stated in the petition; (4) dismissing the claim for fraudulent misrepresentation because the amended petition sufficiently stated a claim for fraudulent misrepresentation in that all the elements and sufficient facts of a fraudulent misrepresentation claim were stated in the amended petition; and (5) dismissing the claim for malicious prosecution because the amended petition sufficiently stated a claim for malicious prosecution in that all the elements and sufficient facts for a malicious prosecution claim were stated in the amended petition. We affirm in part and reverse and remand in part.

Plaintiffs filed a twenty count petition containing ninety-seven numbered paragraphs, alleging false imprisonment, negligence, and malicious prosecution. Each count contained a corresponding punitive damages count. In addition, Bramon alleged a fraudulent misrepresentation claim against defendants.

After a hearing, the trial court granted U–Haul's motion to dismiss as to all counts and granted plaintiffs leave to amend their petition. An amended petition alleging

the same claims for relief was filed. U–Haul filed a motion to dismiss as to counts I through VI and alternatively a motion for judgment on the pleadings as to counts I through VI and a consolidated motion to dismiss or for more definite statement as to counts VII through XII, counts XIII and XIV, and counts XV through XX. Hawkins adopted and joined in U–Haul's motions. The trial court granted the motions to dismiss as to all counts and the motions for judgment on the pleadings as to counts I through VI, stating in pertinent part:

1. That Defendant U–Haul's Motion for Judgment on the Pleadings directed to Counts I through VI of Plaintiffs' First Amended Petition is granted.

2. That the alternative Motions to Dismiss of U–Haul, Inc. directed to Counts I through XX of Plaintiffs' First Amended Petition are hereby granted and Plaintiffs' First Amended Petition is dismissed against Defendant U–Haul, Inc. with prejudice.

3. That the Motion for Judgment on the Pleadings of Jerry Hawkins d/b/a The Packaging Store directed to Counts I through VI of Plaintiffs' First Amended Petition is hereby granted.

4. That the Alternative Motions to Dismiss of Jerry Hawkins d/b/a The Packaging Store directed to Counts I through XX of Plaintiffs' First Amended Petition are granted and Plaintiffs' First Amended Petition is dismissed against Defendant Jerry Hawkins d/b/a The Packaging Store with prejudice.

Generally, motions for judgment on the pleadings are reserved for those matters when the pleadings are closed, i.e. answers had been filed. Rule 55.27(b). The record does not indicate, nor do the parties suggest, that answers were filed. Since answers were not filed, the pleadings were not closed. The ruling of the trial court granting judgment on the pleadings was premature. Further, the motions for judgment on the pleadings are in essence motions to dismiss. Therefore, we shall address the issues as they relate to the motions to dismiss only.

█ A motion to dismiss for failure to state a claim for relief is well taken where

the facts essential to recovery are not pleaded. *Berkowski v. St. Louis County,* 854 S.W.2d 819, 823 (Mo.App.1993). The petition must contain allegations of fact in support of each essential element of the cause sought to be pleaded. *Id.* When ruling on the sufficiency of the facts pleaded to state a claim, we must consider whether material and essential allegations have not been made. *Id.* Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts a motion to dismiss is properly granted. *Id.*

█ In assessing the sufficiency of a petition, all facts properly pleaded are taken as true, the averments are given a liberal construction, and the petition is given all reasonable inferences deductible from the facts stated. *Id.*

Treating the allegations of the plaintiffs' amended petition as true, it indicates that U–Haul leases vehicles to the general public through Hawkins, or leased vehicles to Hawkins, or had an interest in the leasing of vehicles by Hawkins and that Hawkins was an employee, agent, or assign of U–Haul and was acting within the scope and course of such relationship. On September 8, 1995, Bramon leased a U–Haul 1987 Ford from Hawkins and one day later plaintiffs were detained by the Ballwin and/or the Ellisville Police departments and were taken into custody for the alleged theft of the vehicle. The police, in apprehending and detaining plaintiffs, were acting on information provided by defendants, in that they reported the vehicle stolen. The record is silent as to the release of plaintiffs.

█ In their first point on appeal, plaintiffs contend that the trial court erred in ruling the amended petition was insufficient because the court did not apply the applicable standard for review in that the sufficiency of a petition is to be liberally construed with all facts pleaded taken as true and a petition is to be dismissed only if a plaintiff can prove no facts in support of his claim which would entitle him to relief. This point fails to state "wherein and why" the trial court erred, and as such does not comply with Rule 84.04(d).

Accordingly, this point preserves nothing for review.

Although we find plaintiffs' other points on appeal do not fully comply with Rule 84.04(d), we are able to glean the issues from the points and arguments. In their second point on appeal, plaintiffs contend that the trial court erred in granting judgment on the pleadings as to the count for false imprisonment because the amended petition sufficiently stated a claim for false imprisonment because all the elements for false imprisonment were stated in the amended petition. Plaintiffs' amended petition provides in pertinent part:

11. That on or about September 8, 1995 Plaintiff Michael Bramon leased a U–Haul 1987 Ford Econoline (hereinafter referred to as "the U–Haul Vehicle") from The Packaging Store.

12. That on or about September 9, 1995 the Plaintiffs were detained by the Ballwin and/or Ellisville Police Department(s) and taken into custody for the alleged theft of the U–Haul Vehicle.

13. That Plaintiffs have reason to believe that Defendants reported the U–Haul Vehicle stolen and the Ballwin and/or Ellisville Police Department(s) were acting on that information when apprehending and detaining the Plaintiffs.

\* \* \* \* \* \*

17. That on or about September 9, 1995 the Plaintiff, Michael Bramon was apprehended and handcuffed in the parking lot of a local grocery store located at 15892 Manchester Rd. in Ellisville, Missouri by the Ballwin and/or Ellisville Police Department(s).

18. Subsequently, Plaintiff Michael Bramon was transported in a police vehicle to the Ballwin Police Station.

19. While at the Ballwin Police Station, Plaintiff Michael Bramon was photographed, fingerprinted and booked for the alleged theft of the U–Haul Vehicle.

20. Plaintiff Michael Bramon was restrained against his will for a period of approximately four and one half (4½) hours.

21. That the police were acting upon inaccurate, incomplete or misleading information provided by the Defendants, their employees, agents or assigns when restraining the Plaintiff.

22. That Defendants intentionally restrained or instigated the restraint of Plaintiff against his will by any or all of the following acts:

a. Defendants reported the U–Haul Vehicle stolen when in fact the U–Haul Vehicle was in the possession of the Defendants, their employees, agents, or assigns;

b. Defendants leased the U–Haul Vehicle to the Plaintiff knowing that the U–Haul Vehicle was reported stolen;

c. Defendants failed to advise the proper authorities that the U–Haul Vehicle was no longer stolen in a timely fashion once the defendants, their employees, agents or assigns realized that said U–Haul Vehicle was not in fact stolen; or

d. Defendants reported the U–Haul Vehicle stolen knowing the U–Haul Vehicle was not stolen.

The false imprisonment claims of Kenneth Coolley and Lance Coolley are identical to Bramon's.

 A false arrest or false imprisonment occurs when there is confinement without legal justification by the wrongdoer of the person wronged. *Desai v. SSM Health Care,* 865 S.W.2d 833, 836[3,4] (Mo.App. 1993). The constituent elements of false imprisonment are the restraint of the plaintiffs against their will, and the unlawfulness of the restraint. *Id.* Defendants are liable if it is shown that they instigated, caused or procured the arrest. *Id.* Showing that defendants merely gave information to the police is insufficient, even if that information is wrong. *Garner v. Texas Discount Gas Co.,* 723 S.W.2d 446, 447[1] (Mo.App.1986). However, if the plaintiffs allege that the defendants knowingly provided false, incomplete or misleading information, and an illegal arrest results, it may be reasonably inferred that they instigated the illegal arrest. *Id.*

 In their petition, paragraph 22(d), plaintiffs allege that defendants reported the

vehicle as stolen knowing that the vehicle was not stolen. That allegation, taken as true, shows that defendants knowingly provided false, incomplete or misleading information to the police and plaintiffs were confined as a result thereof. Thus, plaintiffs' point is meritorious.

In their third point on appeal plaintiffs contend that the trial court erred in dismissing the claim for negligence because the amended petition sufficiently stated a claim for negligence in that all the elements of negligence were alleged. Plaintiffs' amended petition states in pertinent part:

52. That Defendants were negligent in that they failed to use ordinary care in any or all of the following particulars, to wit:

a. Failed to provide appropriate documentation when the U–Haul Vehicle was leased;

b. Made the U–Haul Vehicle available for lease to Plaintiff, Michael Bramon, without verifying with the proper authorities that the U–Haul Vehicle was available for lease or use;

c. Failed to properly implement and/or utilize a proper procedure for reporting vehicles as stolen;

d. Failed to properly implement and/or utilize a system of tracking vehicles so as to notify the proper authorities, dealer and others as necessary when a vehicle reported as stolen was recovered or returned;

e. Failed to properly implement and/or utilize a procedure to verify that the proper authorities, dealer and others as necessary are notified not to attempt to recover vehicles after the vehicle is recovered or returned; or

f. Failed to make available to the proper authorities an individual with sufficient resources or information to properly determine whether or not the U–Haul Vehicle had been recovered or returned.

53. That the negligence of Defendants in any or all of the above ways caused Plaintiff to be apprehended and detained.

54. That as a direct and proximate result of Defendants' actions the Plaintiff was humiliated, embarrassed, disgraced, fright-

ened, and sustained injury to his reputation, mental anguish, emotional trauma and related injuries.

Kenneth and Lance Coolleys' counts for negligence are identical to Bramon's.

 Although our research has uncovered no Missouri case on point, it is noted in 32 Am.Jur.2d False Imprisonment § 7 (1995):

Negligent causation of arrest claims are not intentional torts.... Standard negligence principles, including duty of care, negligent discharge of that duty, proximate causation of injury and compensability of damages to the injured party continue to apply, where applicable, in these contexts, notwithstanding the issues of confinement raised.

Further, it has been said that there is no false imprisonment unless the defendant intends to cause a confinement. W. Page Keeton et al., *Prosser and Keeton On Torts,* Fifth Ed. § 11 p. 52. There may, however, be liability for any negligence in such a case, if actual damage results. *Id.* Also in agreement is 1 Fowler V. Harper et al., *The Law of Torts,* Third Ed. § 3.7 p. 3:29–30, stating:

If the confinement is due to the defendant's negligence, the latter may be so liable, but the action is then governed by the rules and principles of the tort of negligence, according to which the plaintiff is required to show actual damage. In other words, there can be no tort as a negligent false imprisonment that of itself makes the defendant liable without proof of the invasion of some interest other than the bare interest in freedom from confinement.

Additionally, the Restatement (Second) of Torts, § 35 (1965), provides:

(1) An actor is subject to liability to another for false imprisonment if

a. he acts intending to confine the other or a third person within boundaries fixed by the actor, and

b. his act directly or indirectly results in such a confinement of the other, and

c. the other is conscious of the confinement or is harmed by it.

(2) An act which is not done with the intention stated in Subsection (1,a) does

not make the actor liable to the other for a merely transitory or otherwise harmless confinement, although the act involves an unreasonable risk of imposing it and therefore would be negligent or reckless if the risk threatened bodily harm.

\* \* \* \* \* \*

Comment h to subsection (2) states:

> h. *Extent of protection of interest in freedom from confinement.* Under this Section the actor is not liable unless his act is done for the purpose of imposing confinement upon the other, or with knowledge that such a confinement will, to a substantial certainty, result from it. It is not enough that the actor realizes or should realize that his actions involve a risk of causing a confinement, so long as the likelihood that it will do so falls short of a substantial certainty.

The mere dignitary interest in feeling free to choose one's own location and, therefore, in freedom from the realization that one's will to choose one's location is subordinated to the will of another is given legal protection only against invasion by acts done with the intention stated in Subsection (1,a). It is not protected against acts which threaten to cause such an invasion even though the likelihood is so great that if a more perfectly protected interest, such as that in bodily security, were imperiled, the actor's conduct would be negligent or even reckless. Therefore, if the actor's conduct threatens nothing more than this, it is not tortious toward the other, and thus, cannot make the actor liable irrespective of whether it causes only a transitory confinement or some material harm. So too, the actor whose conduct is negligent or reckless because of the risk which it involves to the other's bodily security or some more perfectly protected interest, is not subject to liability if his conduct causes nothing more than the imposition of a transitory and harmless confinement. However, the circumstances which the actor knows or should know may be such that he should realize that to confine another in a particular area even for a very short space of time may involve an unreasonable risk of invading interests such as that in bodily

security which are protected against negligent conduct. In such case, the fact that the harm is threatened and accomplished by the other's transitory confinement does not prevent the actor's conduct from being negligent toward the other and, therefore, subjecting him to liability.

**Illustration:**

2. Just before closing time, A, a shopkeeper, sends B into a cold storage vault to take inventory of the articles therein. Forgetting that he has done so, he locks the door of the vault on leaving the premises. If in a few moments thereafter, he remembers that B is in the vault and immediately goes back and releases B, he is not liable to B for the momentary confinement to which B has been subjected. On the other hand, if he does not remember that B is in the vault until he reaches home and, therefore, although he acts immediately, he cannot release B until B has been confined in the cold vault for so long a time as to bring on a heavy cold which develops into pneumonia, he is subject to liability to B for the illness so caused.

Our research has revealed other jurisdictions that have recognized negligence actions based upon false imprisonment.

In *Green v. Donroe*, 186 Conn. 265, 440 A.2d 973, 975 (1982), a plaintiff who had been briefly detained by police as a result of false information given to the police by defendant, brought a false imprisonment action against defendant and others. The trial court entered judgment for defendants and plaintiff appealed. In affirming, the supreme court recognized that negligent conduct which results in confinement of sufficient consequence constitutes the actual damage required to maintain a negligence action and is a sufficient basis for imposing liability.

Further, in *Estes v. Jack Eckerd Corp.*, 184 Ga.App. 98, 360 S.E.2d 649, 652 (1987), a shopper brought a false imprisonment action against a store when she was detained when an antishoplifting device was activated as she left the store. The trial court entered judgment on a jury verdict in favor of the store and shopper appealed. In affirming, the court of appeals recognized that there is no liability for negligent or reckless acts which

impose nothing more than a transitory stop but, the plaintiff could recover if actual damages could be shown.

Also in *Collins v. City National Bank & Trust Co.*, 131 Conn. 167, 38 A.2d 582 (1944), a plaintiff whose check was negligently dishonored by his bank was allowed to recover compensatory damages when he had been arrested on a charge of obtaining money on false pretenses, jailed for two hours, compelled to post a bond for his release, and injured in reputation.

■ Thus, a negligence action based upon false imprisonment is cognizable and we are aware of no reason why it should not be so in Missouri. Here, plaintiffs alleged in their petition that a U–Haul vehicle was leased from defendants. It can be reasonably inferred that defendants owed a duty to Bramon and the other plaintiffs to lease a vehicle that was not reported as stolen. Plaintiffs alleged that the duty was breached in numerous ways and as a result, plaintiffs sustained actual damages. Plaintiffs' third point is meritorious.

In his fourth point on appeal, Bramon contends that the trial court erred in dismissing his claim for fraudulent misrepresentation because the amended petition sufficiently stated a cause of action for fraudulent misrepresentation in that all the elements of fraudulent misrepresentation were stated in the amended petition.

In Count XIII Bramon alleged in pertinent part:

71. That Defendant, U–Haul, Inc. and the Defendant, The Packaging Store, by and through its employee, agent or assign, Jeffery Hawkins (sic) represented to Plaintiff that the U–Haul Vehicle (1987 Ford Econoline) was available for lease without restriction or encumbrance for the unhindered use by Plaintiff.

72. That Defendant's representations to the Plaintiff were intended for the Plaintiff to rely upon such representations in the leasing the Defendant's U–Haul Vehicle;

73. That the representation was false in that the Defendants, U–Haul, Inc., by and through its employees, agents or assigns had reported the U–Haul Vehicle stolen to the San Diego County Sheriffs Department;

74. That Defendants, their employees, agents or assigns knew that such a representation was false or Defendants did not know whether the representation was true or false; and

75. That the representation was material to Plaintiff's decision to lease the U–Haul Vehicle in that the Plaintiff would not have leased the U–Haul Vehicle if the Plaintiff knew the U–Haul Vehicle was reported stolen;

76. That Plaintiff relied on Defendants' representations in leasing the U–Haul Vehicle and in doing so was using ordinary care in that the Defendant had reported the U–Haul Vehicle stolen in another state and Plaintiff had no reason to believe the Defendant, U–Haul, Inc., and the Defendant, The Packaging Store, would act in the manner in which they did.

77. That as a direct and proximate result of Defendants' actions the Plaintiff was humiliated, embarrassed, disgraced, frightened, and sustained injury to his reputation, mental anguish, emotional trauma and related injuries along with incurring additional leasing charges.

Bramon also filed a claim for punitive damages on this count.

■ The elements of a claim for fraudulent misrepresentation are: (1) false material representation; (2) speaker's knowledge of its falsity or ignorance of its truth; (3) speaker's intent that it should be acted upon by hearer in manner reasonably contemplated; (4) hearer's ignorance of the falsity of the representation; (5) hearer's reliance on its truth; (6) hearer's right to rely thereon and (7) hearer's consequent and proximately caused injury. *Dierker Associates, D.C., P.C. v. Gillis*, 859 S.W.2d 737, 746–47[22] (Mo.App.1993). Here, Bramon pleaded: (1) that defendants made a false material representation; (2) that defendants knew of its falsity or were ignorant of its truth; (3) that defendants intended for Bramon to act upon such a representation and that Bramon was ignorant of the falsity of the representation; (4) his reliance upon its truth and his

right to rely upon the representation and (5) his consequent and proximately caused injury. Bramon's fourth point is meritorious.

In their fifth point on appeal, plaintiffs contend that the trial court erred in dismissing their claim for malicious prosecution because the amended petition sufficiently stated a claim for malicious prosecution in that all the elements of malicious prosecution were stated in the amended petition.

Plaintiffs filed identical counts for malicious prosecution. The amended petition states in pertinent part:

81. That Defendants commenced a criminal proceeding against Plaintiff which terminated in favor of the Plaintiff; and

82. That in instigating said proceeding Defendants acted primarily for a purpose other than that of bringing an offender to justice and without reasonable grounds.

83. That as a direct and proximate result of Defendants' actions the Plaintiff was humiliated, embarrassed, disgraced, frightened, and sustained injury to his reputation, mental anguish, emotional trauma and related injuries along with incurring additional leasing charges.

In an action for malicious prosecution plaintiff must plead and prove six elements:(1) the commencement of a prosecution against the plaintiff; (2) instigation by the defendant; (3) termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice and (6) that the plaintiff was damaged. *Sanders v. Daniel Intern. Corp.*, 682 S.W.2d 803, 807[1] (Mo. banc 1984).

Three degrees of malice exist for purposes of actions for malicious prosecution. *Pernoud v. Martin*, 891 S.W.2d 528, 535[2] (Mo.App.1995). "Actual malice" means ill will, spite, personal hatred, or vindictive motives. *Id.* "Legal malice" embraces any improper motive. *Id.* "Malice in law" is a wrongful act done intentionally without just cause or excuse. *Id.* A plaintiff suing for malicious prosecution must prove legal malice, i.e. that the defendant initiated the prosecution for a purpose other than that of bringing an offender to justice. *Sanders*, 682 S.W.2d at 814[8].

Here, plaintiffs plead that defendants commenced a criminal proceeding against plaintiffs which was terminated in favor of plaintiffs and that in instigating the proceeding that the defendants acted primarily for a purpose other than bringing an offender to justice without reasonable grounds. Further, plaintiffs alleged that they were damaged as a direct and proximate result of defendants' actions. Treating plaintiffs' allegations and their reasonable inferences as true, we find that plaintiffs state a claim for malicious prosecution. Plaintiffs' fifth point is meritorious.

In counts II, IV, VI, VIII, X, XII, XIV, XVI, XVIII, and XX of the amended petition, plaintiffs make claims for punitive damages. Plaintiffs' brief is silent as to the issue of punitive damages. Plaintiffs use broad and inclusive language such as "the cause of action for false imprisonment," but never specifically direct their argument to the issue of punitive damages. Therefore, plaintiffs have not properly preserved the issue of punitive damages for appeal. *See Hedrick v. Chrysler Corp.*, 900 S.W.2d 233, 235[1] (Mo.App. 1995). We affirm the trial court's dismissal of the punitive damages claims.

Judgment affirmed in part, reversed and remanded in part.

RHODES RUSSELL, P.J., and DOWD, J., concur.