**STATE of Missouri, Appellant,**

v.

**Stephen TERRELL, Respondent.**

**No. WD 61379.**

Missouri Court of Appeals, Western District.

March 18, 2003.

William Marshall Tackett, Jefferson City, for Appellant.

James F. Crews, Tipton, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

The case at bar arises from a forfeiture action under the Criminal Activities Forfeiture Act (CAFA), section 513.600, *et seq.*, RSMo. The State of Missouri sought the forfeiture of $378,128 located in a safe located in a closet in Stephen Terrell's home. The safe also contained an amount of methamphetamine sufficient to lead to Terrell's conviction of Trafficking in the Second Degree under section 195.223, RSMo. Within the closet where the safe was located was a collection of foreign and domestic coins, as well as thirty-three firearms. Twenty-three other firearms were located elsewhere in the residence, within proximity of drug paraphernalia. The State's petition contended that the coin collection and the firearms were also subject to forfeiture.

The forfeiture action was tried to the court upon stipulated facts. Terrell stipulated that the currency and coinage were connected with the criminal activity and was subject to forfeiture. There was no similar stipulation with regard to the firearms. Indeed, the stipulation clearly set out that it was disputed whether the firearms were used in furtherance of the criminal activity.

In accordance with the parties' stipulation, the trial court determined that the currency was subject to forfeiture. The trial court concluded, however, that the State had failed to meet its burden to show that the firearms were subject to forfeiture under CAFA. It, therefore, entered its judgment ordering the civil forfeiture of the currency but denying the State's request that the firearms also be forfeited. The State appeals that judgment.

■ The State's brief on appeal contains multiple deficiencies under Supreme Court Rule 84.04 that preclude this court's consideration of the present appeal. The first deficiency concerns the State's sole point on appeal. That point on appeal states: "The trial court erred by denying Plaintiff's petition for forfeiture because § 513.607, RSMo, requires the forfeiture of the fifty-six guns in that all property used or intended for use in the course or, derived from, or realized through criminal activity is subject to civil forfeiture."

■ Rule 84.04(d)(1) requires that each point on appeal contain three pieces of information: (a) a description of the trial court ruling or action that is being appealed, (b) the legal reasons that underlie the alleged claim of error, and (c) a concise description of why those reasons entail the reversal of the decision reached by the trial court. The Rule also indicates that the point on appeal shall be in substantially the same form as a model set forth in the body of the rule. *Id.* If a point on appeal fails to comply with the requirements of the Rule, then it fails to preserve anything for appellate review. *See Bramon v. U–Haul, Inc.*, 945 S.W.2d 676, 679–80 (Mo.App.1997).

The State's point on appeal fails to set forth the reasons why the State contends the trial court erred or why those reasons necessitate reversal of the judgment below. While the State alleges that section 513.607, RSMo, requires forfeiture of the firearms, the stated point on appeal fails to set out the specific basis of the trial court's error. Thus, we do not know whether the State is contending that the trial court misapplied the forfeiture statute, whether its claim is that the trial court's judgment

was against the weight of the evidence, or whether there is some alternate ground upon which the judgment should be reversed.

Nor does the remainder of the State's brief fill that void. Rule 84.04(e) requires that the argument upon each point on appeal "include a concise statement of the applicable standard of review for each claim of error." The State's brief contains no description of the applicable standard of review. Although it would be permissible and desirable to reach merits by examination of the argument portion of the brief, such review does not aid appellant.

The State's failure to comply with the above subsections of Rule 84.04 necessitates the dismissal of the present appeal. *Hardin v. State*, 51 S.W.3d 129, 131 (Mo. App.2001). Therefore, the State's appeal is dismissed.

PAUL M. SPINDEN, Judge, and JAMES M. SMART, JR., Judge, concur.