

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI EX REL.
CITY OF OSAGE BEACH,

     Relator,

 v.

THE HONORABLE AARON G.
KOEPPEN,

     Respondent.

No. SD38855

Filed: September 25, 2025

ORIGINAL PROCEEDING IN PROHIBITION

**PRELIMINARY WRIT OF PROHIBITION MADE PERMANENT AS MODIFIED**

The City of Osage Beach ("the City") sought a writ of prohibition to order the

Honorable Aaron G. Koeppen ("the trial court") to not proceed further in a case brought

by Grand Harbour Condominium Owners Association, Inc. ("the Association") against

the City other than to grant the City's Motion for Judgment on the Pleadings. The

Association's Third Amended Petition ("the Petition") against the City alleged two

counts labeled as specific types of negligence claims, a claim of nuisance, a claim of

trespass, and a claim for ejectment.[1] The City contends that a writ of prohibition is warranted because, *inter alia*, the Association's claims against the City must be brought through an inverse condemnation action. This Court entered its preliminary writ directing that the trial court refrain from proceeding further in the case until further order of this Court.

Because we find that the Association has only pled in the Petition that it suffered property damages and the City is a public entity with the power of eminent domain, the Association's sole avenue of recovery is through an inverse condemnation action. We now make the preliminary writ of prohibition permanent as modified.

**Background**

The relevant facts as set forth in the Association's Petition are as follows: The Association is a condominium owners association that is the owner of, and in possession of, certain real property known as Lot 1 of Malibu Place, a subdivision in Camden County, Missouri ("Malibu Lot 1"). As part of the construction of the Grand Harbour Condominiums, Grand Harbour Development, LLC, which constructed, marketed, and sold the Grand Harbour Condominiums, commissioned the installation of a swimming pool on Malibu Lot 1 in June of 2006. At some point after the pool was designed and construction began, Grand Harbour Development, LLC, and the pool contractor discovered a sewer line on Malibu Lot 1 where the swimming pool was to be located,

---

[1] The Petition also alleges claims against Grand Harbour Development, LLC, and those claims are not considered in this opinion. Vaughan Pools, Inc. had been named as a defendant, previously, but is not named as a defendant in the Petition.

2

which caused the pool to be redesigned and relocated. This sewer line purportedly had been installed by the City, which is a fourth-class Missouri city, over and across Malibu Lot 1 at some point prior to 2005, without the City obtaining any easement or property rights to Malibu Lot 1. In April 2021, the Association discovered that the sewer line had ruptured, causing sewage to fill the Association's pool and otherwise spill onto Malibu Lot 1. The underlying lawsuit followed. Broadly, the Association alleges that the City was negligent in the construction, operation, and maintenance of the subject sewer line, leading to line's rupture and resulting in damage to the Association's real property and the improvements thereon, and that the presence and rupture of the sewer line violated various real property rights that the Association has in Malibu Lot 1.

## Standard of Review

### I.    PROHIBITION

This Court has jurisdiction to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution. *State ex rel. Bailey v. Sengheiser*, 692 S.W.3d 20, 22 (Mo. banc 2024). "[P]rohibition is an extraordinary remedy which should only be employed in unequivocal cases[.]" *Id.* (quoting *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986)). An appellate court has jurisdiction to issue a writ of prohibition to:

> (1) prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or when (3) a party may suffer irreparable harm if relief is not granted.

3

*State ex rel. Jones v. Eighmy*, 572 S.W.3d 503, 506 (Mo. banc 2019) (quoting *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 799 (Mo. banc 2017)). "[P]rohibition will lie if plaintiff's petition does not state a viable theory of recovery, and relator was entitled to be dismissed from the suit as a matter of law." *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009) (citation modified); *see also State ex rel. Coca–Cola Co. v. Nixon*, 249 S.W.3d 855, 860 (Mo. banc 2008) ("This Court has repeatedly held that prohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation." (citation modified)).

## II. JUDGMENT ON THE PLEADINGS

Judgment on the pleadings is proper "only if the facts pleaded by the [plaintiff], together with the benefit of all reasonable inferences drawn therefrom, show that [plaintiff] could not prevail under any legal theory."[2] *City of St. Louis v. State*, 682 S.W.3d 387, 396 (Mo. banc 2024) (quoting *Emerson Elec. Co. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 12 (Mo. banc 2012)) (citation modified). For the purposes of such a motion, "[t]he well-pleaded facts of the non-moving party's pleading are treated as

---

[2] We note that, generally, "motions for judgment on the pleadings are reserved for those matters when the pleadings are closed, i.e. answers [have] been filed." *Bramon v. U-Haul, Inc.*, 945 S.W.2d 676, 679 (Mo. App. E.D. 1997) (citing to Rule 55.27(b)). Here, the record does not indicate, and the parties do not suggest, that the pleadings have been closed in the underlying case as no answer to the Petition appears to have been filed at this time. Accordingly, the City's motion might more precisely be understood as a motion to dismiss for failure to state a claim. *See id.* Nonetheless, the distinction in this instance does not affect our review of this matter. *See Forbes v. Allison*, 646 S.W.3d 733, 738 n. 5 (Mo. App. S.D. 2022) (when reviewing the denial of a motion to dismiss where the basis for dismissal is premised on a question of law, appellate review is *de novo*). All rule references are to Missouri Court Rules (2025).

4

admitted[.]" *Id.* (quoting *Gross v. Parson*, 624 S.W.3d 877, 883 (Mo. banc 2021)). We review a trial court's "ruling on a motion for judgment on the pleadings *de novo.*" *Id.* "With *de novo* review we give no deference to the trial court's conclusions of law." *DLJ Mortg. Cap., Inc. v. Creative Client Recovery, Inc.*, 637 S.W.3d 612, 619 (Mo. App. E.D. 2021) (citation modified).

## Analysis

Article I, section 26 of the Missouri Constitution mandates that "private property shall not be taken or damaged for public use without just compensation." *Ferguson v. City of Sunrise Beach*, 710 S.W.3d 620, 625 (Mo. App. S.D. 2025). At the outset, we note that the Petition does not contain any allegations indicating that the Association seeks relief for anything other than injury to its private property in the underlying matter. Indeed, the Association has affirmed in briefing and at oral argument that its claims against the City in this case solely arise from alleged injuries to its own property. The City contends in its Writ Petition, briefing and at oral argument, *inter alia*, that an inverse condemnation action[3] is therefore the exclusive remedy for such claims – in essence arguing that the tort claims against the City as set forth in the Petition are not actionable as a matter of law. We agree.[4]

---

[3] "Inverse condemnation is a cause of action against a governmental agency to recover the value of the property taken by the agency, though no formal exercise of the power of eminent domain has been completed." *Ferguson*, 710 S.W.3d at 625 (quoting *County of Scotland v. Mo. Pub. Entity Risk Mgmt. Fund*, 537 S.W.3d 358, 364-65 (Mo. App. W.D. 2017)).

[4] Because an inverse condemnation action is a constitutional claim, it "may be maintained in spite of [a public entity's] sovereign immunity[.]" *Tierney v. Planned Indus.*

5

As noted by the City in its reply briefing on appeal,[5] this Court recently addressed this very issue in *Ferguson* where plaintiffs advanced similar tort claims to recover for injury to private property caused by a municipal entity with the power of eminent domain. There, the defendant city's operation of its water treatment plant resulted in untreated sewage contaminating the area near and on plaintiffs' properties. *Ferguson*, 710 S.W.3d at 622. Plaintiffs proceeded to trial against the city on nuisance and negligence claims, seeking damages caused by contaminants from the city's plant adversely impacting the use and enjoyment of their respective properties. *Id.* at 622-23. Following jury verdicts against the city on both theories of tort and denial of the city's motion for judgment notwithstanding the verdict, the city appealed on the basis that plaintiffs' claims could only be properly adjudicated via an inverse condemnation action. *Id.* at 624-25. Much like the Association in this case, the *Ferguson* plaintiffs argued on appeal that Missouri law provides two avenues for the recovery of damages to private property by a municipal entity with the power of eminent domain – inverse condemnation and, assuming waiver of the city's immunity, common law tort. *Id.* at 625. Citing to and discussing decades of precedent on the issue by the Supreme Court of Missouri and the appellate courts, we emphatically rejected this proposition in *Ferguson* and reaffirmed that "[i]nverse condemnation is the exclusive and proper remedy for an alleged *nuisance*

*Expansion Auth. of Kansas City*, 742 S.W.2d 146, 155 (Mo. banc 1987). We therefore do not address the City's contention on appeal that the Petition fails to sufficiently plead a waiver of the City's sovereign immunity.

[5] Our decision in *Ferguson* was issued on April 1, 2025, after the City had filed its opening brief on March 19, 2025, but before it filed reply briefing on April 15, 2015.

6

*or other damage* caused to private property by an entity having the power of eminent domain. *Id.* at 627 (emphasis added). "The fact that the nuisance is alleged to have been caused by the public entity's negligence is immaterial." ***Heins Implement Co. v. Missouri Highway & Transp. Comm'n***, 859 S.W.2d 681, 693-94 (Mo. banc 1993) (*abrogated on other grounds by* ***Southers v. City of Farmington***, 263 S.W.3d 603, 612-14 n.13 (Mo. banc 2008)) (concluding that "the trial court did not err in dropping appellants' nuisance and negligence claims while retaining their inverse condemnation claims" for flooding damage to property); *see also* ***Clay v. Mo. Highway & Transp. Comm'n***, 951 S.W.2d 617, 627 (Mo. App. W.D. 1997) (finding the trial court did not err in refusing to submit appellants' negligence and strict liability claims against the Commission because inverse condemnation was the "exclusive remedy").

Here, the City is alleged to be a "Missouri City of the Fourth Class, organized and in good standing under the laws of the State of Missouri." As a fourth class city, the City has general statutory authority to condemn private property – *i.e.*, the power of eminent domain – as a matter of law. *See* Section 88.667, RSMo 2016.[6] Accordingly, applying ***Ferguson*** and the authorities referenced therein, an inverse condemnation action is the Association's "exclusive remedy" for the private property damage pled against the City

---

[6] Section 88.667 states in full:

> Private property may be taken by cities of the fourth class, for public use, for the purpose of establishing, opening, widening, extending or altering any street, avenue, alley, wharf, creek, river, watercourse, marketplace, public park, or public square, and for establishing market houses and for any other necessary public purposes.

7

in this case. *Ferguson*, 710 S.W.3d at 626-27. The Association asserts that *Ferguson* is distinguishable because the damages asserted there were limited to loss of enjoyment and use of property whereas the Association in this case also alleges actual physical damage to its property. We have not found, and the Association does not direct us to, any such distinction under Missouri law. *See e.g., Heins*, 859 S.W.2d at 684, 693-94 (commercial buildings, business equipment, and crops damaged by flooding allegedly caused by a municipal entity with the power of eminent domain). To the contrary, "when private property is *damaged* by a nuisance operated by an entity having the power of eminent domain, the proper remedy is an action in inverse condemnation." *Id.* at 693 (emphasis added).

The Association nonetheless insists it has an actionable nuisance claim, relying upon the Supreme Court of Missouri's decision in *Byrom v. Little Blue Valley Sewer Dist.*, 16 S.W.3d 573, 574 (Mo. banc 2000). However, the case is of no help to Association in this matter. "Under *Heins* and *Byrom*, a nuisance claim for injury to property, regardless of whether the nuisance is temporary or permanent, may not be substituted for a claim of inverse condemnation, as long as the complained of entity is one having the power of eminent domain." *George Ward Builders, Inc. v. City of Lee's Summit*, 157 S.W.3d 644, 650-51 (Mo. App. W.D. 2004), *motion for transfer denied* (Feb. 1, 2005), *application for transfer denied* (Apr. 5, 2005).

Finally, the Association contends that compelling it to bring an inverse condemnation action in this case would unfairly impose an increased evidentiary burden as compared to a common law tort claim. Even accepting this proposition at face value,

the Association's position is entirely untethered from any supporting legal framework or authorities. The various tort claims asserted against the City in the Petition are simply not actionable as pled as a matter of law. The Association's relief, if any, lies in inverse condemnation.

## Conclusion

The preliminary writ is made permanent as modified. The trial court is ordered to take no further action in this matter other than to grant the City's Third Motion for Judgment on the Pleadings or to grant the Association leave to amend its pleadings in accordance with this opinion should it seek to do so.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS


Attorney for Relator – Cole D. Bradbury of Osage Beach, MO

Attorney for Respondent – J. Aaron Ellsworth of Lake Ozark, MO